## FIRST DEPARTMENT, FEBRUARY, 1933.

IDA KAPLAN, Respondent, v. 598 BROADWAY CORPORATION, Appellant.†

No opinion. Present — Finch, P. J., Merrell, O'Malley, Sherman and Towney, JJ.; Finch, P. J., dissents and votes to reverse and grant a new trial.

FINCH, P. J. (dissenting). In view of erroneous instructions affecting a vital issue which were given by the court to the jury and which were never withdrawn, I am unable to see how this error fairly may be disregarded. The action was for personal injuries in falling down a stairway, alleged to be caused by the omission of proper lighting during working hours. The trial court submitted the case to the jury on two theories, one of which was erroneous. As it cannot be said on

* Affd., 262 N. Y. 547.          † Affd., 262 N. Y. 574.

which theory the verdict was based, it naturally follows that the error may not be disregarded. Only a new trial can award to these parties that fair determination of their rights to which every litigant is entitled. The accident happened about three o'clock on a Saturday afternoon. The defendant contended that the building had been closed at one o'clock, in accordance with a custom of many years' standing to cease work at one o'clock on Saturday. There was an issue of fact submitted to the jury as to whether the accident happened during working hours within the contemplation of the parties. A determination of this issue in favor of the defendant would have resulted in a verdict for the defendant had liability been predicated solely upon a violation of section 257 of the Labor Law, which, it is conceded, is the only section applicable to the case at bar. The trial court, however, has charged the jury that section 270 of the Labor Law was also applicable. This section 270, if applicable, made wholly immaterial the issue as to when the accident happened, that is, whether it happened during or after working hours. The court said: "Now gentlemen, there is another provision in section 270 of the Labor Law contained in the closing sentence of subdivision four; section 270 is devoted to the required dimensions and material of which stairways are required to be constructed, but the closing sentence of subdivision four reads: 'Provision shall be made for the adequate lighting of all stairways by artificial light.'" It is true that the court followed the foregoing charge that subdivision 4 of section 270 applied by adding that "The negligence of which plaintiff here complains is that defendant failed to comply with the provisions of section 257 of the Labor Law to which I have referred above." The court, however, did not thereby withdraw the applicability of section 270 but merely added a statement concerning that of which plaintiff complained, thus leading the jury to believe that the law applicable was that requiring continuous lighting irrespective of working hours and supporting this by the claim of the plaintiff. Perhaps a jury of lawyers might have understood it differently, but a jury of laymen would naturally ask why the court charged them with reference to subdivision 4 of section 270 if it had no applicability. Incidentally, it may be mentioned that this section 270 applies only to buildings constructed after the year 1913. Since the building in the case at bar was constructed many years previously, that statute did not apply herein. Counsel for defendant excepted to the reading of this closing sentence of subdivision 4 of section 270 of the Labor Law, upon the express ground "that it has absolutely no application to this case and its very context so denotes." The respondent in its brief, while arguing that the charge should be read as a whole, practically concedes that the word "but" was inadvertently omitted by the court in its charge. The insertion of the word "but" in the charge would make the court say in effect exactly the opposite from what was said. The respondent, inserting a "but," says: "It is clear that the meaning implied, even from a mere reading, is the following: 'Now, there is a provision in section 270, last sentence of subdivision four [but] the negligence of which plaintiff here complains is that defendant failed to comply with the provisions of the section 257 of the Labor Law to which I have referred.'" A reading of the whole charge does not change the effect of the language of the court used in the instance above enumerated. Calling the jury's attention to the provisions of section 270 of the Labor Law in one sentence, and in the same sentence stating that plaintiff complains of failure to comply with another section, without withdrawing section 270 from their con-

sideration, must have been regarded by the jury as overruling the contention of the defendant that section 270 had no application, thus in effect constituting an express instruction to rely thereon. Furthermore, the trial court committed serious error in charging the jury that the common law imposed the duty upon the defendant, as owner, to light the common ways by artificial light. This is a statement directly contrary to that which constitutes the rule of law. The judgment appealed from should be reversed and a new trial granted.